J. S84034/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RASHEED GEY A/K/A RASHEED GUY, | : | No. 3810 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, October 19, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0005679-2012

BEFORE: BENDER, P.J.E., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED FEBRUARY 11, 2019**

Rasheed Gey, a.k.a. Rasheed Guy, appeals ***pro se*** from the October 19, 2017 order entered by the Court of Common Pleas of Philadelphia County denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court provided the following synopsis of the procedural history of this case:

> On August 14, 2013, following a non-jury trial before [the trial court, appellant] was convicted of murder of the first degree (18 Pa.C.S.[A.] § 2502(a)), carrying a firearm without a license (18 Pa.C.S.[A.] § 6106(a)(1)), carrying a firearm on a public street or property in Philadelphia (18 Pa.C.S.[A.] § 6108), possessing an instrument of crime (18 Pa.C.S.[A.] § 907(a), and recklessly endangering another person (18 Pa.C.S.[A.] § 2705). [The trial court]

immediately imposed the mandatory sentence of life in prison for the murder charge (18 Pa.C.S.[A.] § 1102(a)(1)) and imposed no further penalty on the remaining charges. [Appellant] did not file post-sentence motions.

On September 5, 2013, Barnaby Wittels, Esquire, was appointed to represent [appellant] after trial counsel, Nino Tinari, Esquire, was permitted to withdraw. On November 4, 2013, Mr. Wittels filed a petition under the [PCRA] alleging that trial counsel was ineffective for failing to protect [appellant's] appellate rights. On April 14, 2014, [the PCRA court] entered an order granting [appellant's] PCRA petition and reinstated [appellant's] right to file a direct appeal. [Appellant] subsequently filed an appeal on April 15, 2014. On April 20, 2015, the Superior Court affirmed [appellant's] judgment of sentence.[1] The Supreme Court [of Pennsylvania] denied **allocatur** on [December 16], 2015.[2]

[Appellant] then filed a **pro se** PCRA petition on March 9, 2016. David S. Rudenstein, Esquire[,] was appointed to represent [appellant] on January 6, 2017. Shortly after, on February 16, 2017, [appellant] filed a **pro se** supplemental PCRA petition. On July 25, 2017, pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) [(**en banc**)[3]], Mr. Rudenstein filed a letter stating there was no merit to [appellant's] claims for collateral relief ("**Finley** letter"). [Appellant] submitted a response to Mr. Rudenstein's **Finley** Letter on August 18, 2017. On August 25, 2017, the [PCRA court] issued notice, pursuant to Pa.R.Crim.P. 907 ("907 Notice") of its intention to dismiss [appellant's] petition without a hearing. [Appellant] submitted a response to the [PCRA

---

[1] **See Commonwealth v. Gey**, 121 A.3d 1136 (Pa.Super. 2015) (unpublished memorandum).

[2] **See Commonwealth v. Gey**, 128 A.3d 219 (Pa. 2015).

[3] **See also Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).

> court's] 907 Notice on September 6, 2017. On October 19, 2017, the [PCRA court] dismissed [appellant's] PCRA petition and granted Mr. Rudenstein's motion to withdraw his appearance.

PCRA court opinion, 2/6/18 at 1-2 (footnote omitted).

Appellant filed a notice of appeal to this court on November 10, 2017. The PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and appellant complied on December 3, 2017. On February 6, 2018, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

1. Whether the PCRA court error[sic], by failing to adjudicate and grant relief of, whether the Pennsylvania Penal Statute of 18 Pa. C.S.[A.] §1102(a) violates due process and is unconstitutional and void under the vagueness doctrine, because the statute fails to give a person of ordinary intelligence fair notice that its true penalty is life imprisonment 'without parole'?

2. Whether the PCRA Court error[sic], by failing to adjudicate and grant relief of, whether the PCRA rules, under 42 Pa. C.S.[A.] §9541-9546, addresses a challenge to the constitutionality of the Penal statutes §2502(a), and §1102(a)?

3. Whether the PCRA Court error [sic] by failure to grant relief, of whether the judge abused discretion or committed an error of law by imposing an 'illegal sentencing condition' of 'without parole', that's not within the act 1974-46 H.B. P.L. 213§4 to impose are particular sentencing condition, which must be supported by the General Assembly, wherefore, if no statutory authorization exists

- 3 -

for the particular condition, that sentence is illegal and subject to correction?

4. Whether trial counsel and direct appellate counsel and PCRA counsel were ***per se*** ineffective assistance for failure to challenge the sentence imposed pursuant to the void for vagueness doctrine of the sentencing statute §1102(a) and §2502(a) as to a challenge to the sentence legality on direct appeal and PCRA review, violated [appellant's] due process right to appeal the sentence?

5. Whether the PCRA Court error[sic], by failing to adjudicate whether the judge abused discretion or committed an error of law, by enacting the crimes code statute of 18 Pa. C.S.[A.] §2502(a) as the sentencing statute on [appellant's] sentencing order, violated subject-matter jurisdiction, where the General assembly 'never' gave any power to judges to charge, punish, and sentence, and the 'same' statute, thus violating [appellant's] right's[sic] under due process of the Fifth, Fourteenth Amendment[sic]?

Appellant's brief at 4 (emphasis omitted).

Having determined, after careful review, that the Honorable Glenn B. Bronson, in his Rule 1925(a) opinion, ably and comprehensively disposes of appellant's issues on appeal, with appropriate reference to the record and without legal error, we will affirm on the basis of that opinion.

Order affirmed.

J. S84034/18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/11/19</u>

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF          :         CP-51-CR-0005679-2012
PENNSYLVANIA

                    CP-51-CR-0005679-2012 Comm v. Gey, Rasheed aka Guy, Rasheed
                    Opinion

v.

RASHEED GEY aka
RASHEED GUY

          8065529831

**FILED**

**FEB 06 2018**

OPINION

**Office of Judicial Records
Appeals/Post Trial**

BRONSON, J.                          February 6, 2018

On August 14, 2013, following a non-jury trial before this Court, defendant Rasheed Guy was convicted of murder of the first degree (18 Pa.C.S. § 2502(a)), carrying a firearm without a license (18 Pa.C.S. § 6106(a)(1)), carrying a firearm on a public street or property in Philadelphia (18 Pa.C.S. § 6108), possessing an instrument of crime (18 Pa.C.S. § 907(a)), and recklessly endangering another person (18 Pa.C.S. § 2705).[1] The Court immediately imposed the mandatory sentence of life in prison for the murder charge (18 Pa.C.S. § 1102(a)(1)) and imposed no further penalty on the remaining charges. Defendant did not file post-sentence motions.

On September 5, 2013, Barnaby Wittels, Esquire, was appointed to represent defendant after trial counsel, Nino Tinari, Esquire, was permitted to withdraw. On November 4, 2013, Mr. Wittels filed a petition under the Post Conviction Relief Act ("PCRA") alleging that trial counsel was ineffective for failing to protect defendant's appellate rights. On April 14, 2014, the Court entered an order granting defendant's PCRA petition and reinstated defendant's right to file a

---

[1] At trial, defendant indicated that the correct spelling of his name was Rasheed Guy. It appears both ways in the record. N.T. 8/12/13 at 8.

direct appeal. Defendant subsequently filed an appeal on April 15, 2014. On April 20, 2015, the Superior Court affirmed defendant's judgment of sentence. The Supreme Court denied *allocatur* on August 20, 2015.

Defendant then filed a *pro se* PCRA petition on March 9, 2016. David S. Rudenstein, Esquire was appointed to represent defendant on January 6, 2017. Shortly after, on February 16, 2017, defendant filed a *pro se* supplemental PCRA petition. On July 25, 2017, pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988), Mr. Rudenstein filed a letter stating there was no merit to defendant's claims for collateral relief ("*Finley* letter"). Defendant submitted a response to Mr. Rudenstein's *Finley* Letter on August 18, 2017. On August 25, 2017, the Court issued notice, pursuant to Pa.R.Crim.P. 907 ("907 Notice") of its intention to dismiss defendant's petition without a hearing. Defendant submitted a response to the Court's 907 Notice on September 6, 2017. On October 19, 2017, the Court dismissed defendant's PCRA petition and granted Mr. Rudenstein's motion to withdraw his appearance.

Defendant has now appealed the Court's dismissal of his PCRA Petition, raising five issues. They are listed verbatim below in their entirety, without corrections:

1. Did the PCRA Court error, by failing to adjudicate and grant relief of, whether the Pennsylvania Penal Statute of 18 Pa.C.S. § 1102(a) violates due process and is unconstitutional and void under the vagueness Doctrine, because the Statute fails to give a person of ordinary intelligence fair notice that its true penalty is life imprisonment 'without parole'?

2. Did the PCRA Court error, by failing to adjudicate and grant relief of, whether the PCRA rules, under 42 Pa.C.S. §9541-9546, addresses a challenge of the constitutionality of the penal statutes §2502(a), and §1102(a)?

3. Did the PCRA Court error by failure to grant relief, of whether, the Judge abused discretion or committed an error of law by imposing an 'illegal sentencing condition' of 'without parole', that's not within the act 1974-46 H.B. 1060 P.L. 213§4 to impose a particular sentencing

2

condition, which must be supported by the General Assembly, wherefore, if no statutory authorization exists for the particular condition, that sentence is illegal and subject to correction?

4. Whether trial counsel and direct appellate counsel and PCRA counsel, were per se ineffective for failure to challenge the sentence imposed, pursuant to the void for vagueness Doctrine of the sentencing statute §2502(a) as to a challenge to the sentence legality on direct appeal and PCRA review, violated Defendant's rights to appeal the sentence?

5. Did the PCRA court error, by failing to adjudicate, whether the Judge abused discretion or committed error of law, by enacting the crimes code statute 18 Pa. C.S. §2502(a) as the sentencing statute on Defendants sentencing order, lacked subject matter jurisdiction, where the general assembly 'never' gave any power to Judges to charge, punish, and sentence, under the 'same' statute, thus violating The defendant's right's under due process of the fifth, fourteenth amendment?

Concise Statement of Errors Complained of on Appeal Pennsylvania Rules of Appellate Procedure 1925(b) ("Statement of Errors") at ¶¶ 1-5. For the reasons set forth below, defendant's claims are without merit or are waived, and the PCRA Court's order dismissing his PCRA petition should be affirmed.

## I. FACTUAL BACKGROUND

The facts of this case are summarized in the Superior Court's opinion of April 20, 2015, affirming the trial court's judgment of sentence on direct appeal. *See* Superior Court Opinion, 4/20/2015 at pp. 1-3.

## II. DISCUSSION

If court-appointed counsel for a PCRA petitioner determines that the issues the petitioner raises for collateral review are meritless, and the PCRA court concurs, counsel may withdraw and the petitioner may proceed *pro se*, by privately retained counsel, or not at all. *Finley,* 550 A.2d at 218. To be permitted to withdraw, petitioner's counsel must file a no-merit letter, or "*Finley* letter," detailing the nature and extent of counsel's review and listing each issue the

3

petitioner wished to raise, with counsel's explanation as to why the issues are meritless. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009) (citing *Finley*, 550 A.2d at 215). After reviewing a *Finley* letter, the PCRA court is required to independently review the record to evaluate the petitioner's claims. *Id.* A PCRA petition may be dismissed without a hearing if the Court determines that there are no claims of arguable merit and no purpose would be served by further proceedings. *Commonwealth v. Lignons*, 971 A.2d 1125, 1143 (Pa. 2009); *see* Pa.R.Crim.P. 907(1).

In his *Finley* Letter, Mr. Rudenstein stated his opinion that defendant's claims had no arguable merit. After an independent review of the record, the Court agrees with Mr. Rudenstein. Each of defendant's PCRA appellate claims is considered below.

### A. Constitutionality of 18 Pa.C.S. § 1102(a)

Defendant first claims that he was entitled to relief from the PCRA court because the sentencing statute for first-degree murder, 18 Pa.C.S. § 1102(a), is unconstitutionally vague. In particular, defendant argues that the statute fails to give fair notice that the penalty of life imprisonment means life imprisonment without the possibility of parole. Statement of Errors at ¶ 1. Defendant never raised this issue at any time prior to filing his *pro se* PCRA petition. Therefore, a threshold issue is whether his claim has been waived. *See* 42 Pa.C.S. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding").

Claims challenging the legality of a sentence cannot be waived. On the other hand, challenges to the constitutionality of a statute generally can be waived. In reconciling apparent conflicts between these principles, our courts have narrowly construed those claims deemed to implicate the legality of a sentence and to therefore be non-waivable. *See Commonwealth v.*

4

*Lawrence*, 99 A.3d 116, 122 (Pa. Super. 2014), *appeal denied,* 114 A.3d 416 (Pa. 2015). In particular, a constitutionally based claim regarding mandatory minimum sentencing can be waived. *Id.* at 124 (holding Equal Protection and *Ex Post Facto* challenges to mandatory minimum sentences for juveniles convicted of homicide were waived since not raised in post-trial motions).[2] Accordingly, defendant's vagueness challenge to the mandatory life sentence for first degree murder, premised upon the Due Process Clause, has been waived. *Id.*

Even if defendant had not waived this claim, he would still not be entitled to relief under the PCRA. "[D]uly enacted legislation carries with it a strong presumption of constitutionality." *Commonwealth v. Turner*, 80 A.3d 754, 759 (Pa. 2013). It will therefore be upheld, "unless it clearly, palpably, and plainly violates the constitution." *Commonwealth v. Neiman*, 84 A.3d 603, 611 (Pa. 2013) (internal quotation omitted). Under the void-for-vagueness standard, a statute is unconstitutional if it is "so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application." *Commonwealth v. Davidson*, 938 A.2d 198, 207 (Pa. 2007). On the other hand, a statute will pass constitutional muster, if it "'define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" *Id.* (quoting *Kolender v. Lawson,* 461 U.S. 352, 357 (1983)). Specifically, a sentencing statute is constitutional if it states with specific clarity the consequences of violating a criminal statute. *Commonwealth v. Berryman*, 649 A.2d 961, 985 (Pa. Super. 1994) (citing *U.S. v. Batchelder*, 442 U.S. 114, 123 (1979)).

---

[2] An exception, not applicable here, is for claims under *Alleyne v. United States,* 570 U.S. 99 (2013), requiring under the Sixth Amendment that any fact that increases the mandatory minimum must be submitted to the jury. *See Lawrence,* 99 A.3d at 124.

Here, the sentencing statute at issue, 18 Pa.C.S. § 1102(a)(1), plainly states that a person convicted of first degree murder, "shall be sentenced to death or a term of life imprisonment." While section 1102(a)(1) is silent about parole eligibility, a separate statute unambiguously provides that the parole board is without power to parole anyone serving a sentence of life imprisonment. 61 Pa.C.S. § 6137(a)(1) ("The board may parole ... any inmate to whom the power to parole is granted to the board by this chapter, except an inmate condemned to death or serving life imprisonment...."). Moreover, the fact that parole eligibility is codified in a separate statute is irrelevant, since both statutes read together put defendant on notice that the penalty for first degree murder is life without parole or death. *See Commonwealth v. Bell*, 645 A.2d 211, 218 (Pa. 1994) (mandatory minimum statute for marijuana distribution was not unconstitutionally vague for failing to specify a maximum sentence since the maximum was implied when read together with other statutes). No relief is due.

### B. Failure to "Adjudicate and Grant Relief" Regarding 18 Pa.C.S. §§ 1102(a) & 2502(a)

Defendant's next claim reads in its entirety as follows: "Did the PCRA Court error, by failing to adjudicate and grant relief of, whether the PCRA rules, under 42 Pa.C.S. §9541-9546, addresses a challenge of the constitutionality of the penal statutes §2502(a), and §1102(a)?" Statement of Errors at ¶ 2. The Court finds defendant's claim is not comprehensible and is therefore waived. *See, e.g., Commonwealth v. Hardy*, 918 A.2d 766, 776 (Pa. Super. 2007) (claims not presented in a comprehensible fashion are waived), *app. denied*, 940 A.2d 362 (Pa. 2008).

### C. Statutory Authorization to Impose a Sentence of Life Without Parole

Defendant next claims that the PCRA court erred by failing to grant relief since no statute authorized his sentence of life without parole. Statement of Errors at ¶ 3. This claim is

6

frivolous. As discussed in Section A, above, defendant's sentence of life without parole was not only authorized, but also required, under Pennsylvania law. 18 Pa.C.S. § 1102(a)(1); 61 Pa.C.S. 6137 § (a)(1).

### D. Failure to Challenge Constitutionality of Sentencing Statute

Defendant next claims that both trial and appellate counsel were *per se* ineffective for failing to challenge the legality of his sentence under the void-for-vagueness doctrine. Statement of Errors at ¶ 4. This claim is without merit.

Under Pennsylvania law, counsel is presumed to be effective and the burden to prove otherwise lies with the petitioner. *Commonwealth v. Basemore*, 744 A.2d 717, 728 (Pa. 2000), n.10 (citing *Commonwealth v. Copenhefer*, 719 A.2d 242, 250 (Pa. 1998)). To obtain collateral relief based on the ineffective assistance of counsel, a petitioner must show that counsel's representation fell below accepted standards of advocacy and that as a result thereof, the petitioner was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In Pennsylvania, the *Strickland* standard is interpreted as requiring proof that: (1) the claim underlying the ineffectiveness claim had arguable merit; (2) counsel's actions lacked any reasonable basis; and (3) the ineffectiveness of counsel caused the petitioner prejudice. *Commonwealth v. Miller*, 987 A.2d 638, 648 (Pa. 2009). To satisfy the third prong of the test, the petitioner must prove that, but for counsel's error, there is a reasonable probability that the outcome of the proceeding would have been different. *Commonwealth v. Sneed*, 899 A.2d 1067, 1084 (Pa. 2006) (citing *Strickland*, 466 U.S. at 694). If the PCRA court determines that any one of the three prongs cannot be met, then the court need not hold an evidentiary hearing as such a hearing would serve no purpose. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008), *appeal denied*, 956 A.2d 433 (Pa. 2008).

7

Here, as discussed in Section A, above, the statutes under which defendant received his sentence of life imprisonment without parole were not void for vagueness. Because counsel cannot be ineffective for failing to advance a meritless claim, defendant's contention that he was denied effective assistance of counsel was properly rejected by the PCRA court.

*E. Trial Court's Power to Charge, Punish, and Sentence Under* 18 Pa.C.S. § 2502(a)

Defendant's final claim is that the PCRA court erred "by enacting the crimes code statute 18 PA.C.S. § 2502(a)" since the General Assembly never empowered judges to "charge, punish and sentence" under the same statute. He contends that this error deprived him of due process. Statement of Errors at ¶ 5. Of course, the Court, at no time, enacted any statutes, nor brought any charges against defendant. The Court confined its exercise of authority to sentencing defendant under the applicable law. For that reason, defendant's claim is frivolous.

## III. CONCLUSION

For all of the foregoing reasons, the Court's order dismissing defendant's PCRA petition should be affirmed.

BY THE COURT:

GLENN B. BRONSON, J

8